Judge: Timothy W. Dore
Chapter: 13
Hearing Date: July 10, 2019
Hearing Time: 9:30 a.m.
Hearing Location:
    U.S. Bankruptcy Court
    700 Stewart St #8106
    Seattle, WA 98101
Response Date: July 09, 2019 at 9:30 a.m.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

In re:

LISA KARIN PERSSON,

    Debtor(s).

IN CHAPTER 13 PROCEEDING
NO. 16-10257-TWD

OBJECTION TO DEBTOR'S MOTION FOR APPROVAL OF AMENDED CHAPTER 13 PLAN

Jason Wilson-Aguilar, Chapter 13 Trustee, objects to the debtor's Motion for Approval of Amended Chapter 13 Plan (ECF No. 67):

### I.    Introduction

The debtor's confirmed plan provides for monthly plan payments of $4,720.00 for sixty months, cure and maintenance of debtor's residential mortgage obligation and that

> [t]he Debtor shall work out a loan modification with the loan servicer / lender with respect to the real property by November 30, 2016 to provide for payment of the arrears. In any event, the debtor agrees that the automatic stay will terminate on: (1) November 30, 2016; or (2) 30-days from the date of default on the regular monthly payments due, whichever occurs sooner.

(ECF No. 51). On December 18, 2018, the Court confirmed that there was no automatic stay or codebtor stay in effect as to Deutesch Bank National Trust Company regarding the debtor's residential mortgage obligation (ECF No. 65).[1]

---

[1] Based on its proof of claim, Deutsche Bank is the creditor and payments should be sent to Bank of America, N.A. (ECF Claim No. 3).

OBJECTION TO DEBTOR'S MOTION FOR
APPROVAL OF AMENDED CHAPTER 13
PLAN - 1

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

The debtor's proposed modified plan provides for monthly plan payments of $4,720.00 for thirty-six months and maintenance of the debtor's residential mortgage obligation (ECF No. 70). The debtor indicates that "her residence is in foreclosure" (ECF No. 67; ¶ 5) and that she wants to "change the plan payment period to thirty-six months so her discharge can be granted now" (ECF No. 67; ¶ 6).

## II. The debtor's plan is defective

It is unclear why the debtor did not take action prior June 27, 2019 to address these issues. In any event, the Trustee objects to the modified plan for multiple reasons:

1) The debtor needs to remove "for 36 months" from Section III.A. of the proposed modified plan. While the debtor is a below median income debtor with a thirty-six month applicable commitment period (ECF Nos. 11 and 51), the debtor's confirmed plan provided that she would make plan payments "for 60months" [sic] (ECF No. 51; § II.A.). The debtor, however, has already made $189,546.77 in plan payments. That amount exceeds thirty-six monthly plan payments of $4,720.00 each, which is $169,920.00.

A confirmed chapter 13 plan is binding on the debtors as well as creditors. 11 U.S.C. § 1327(a). The debtors cannot retroactively eliminate a payment that came due under the plan before the debtors request relief. *In re Stain*, No. 10-30043, 2013 WL 5217800, at *3-4 (Bankr. D.Utah Sept. 16, 2013).

2) The debtor's proposed modified plan provides for a cure of the arrearages owed to Bank of America / Deutsche Bank with a reference to Section 12 of the plan. First, there is no longer a Section XII. of the plan. Effective December 1, 2017, the Court's form plan provides that nonstandard provisions are included in Section X. of the plan rather than Section XII. Local Bankr. Form 13-4.

3) Moreover, the debtor's proposed modified plan does not even include any nonstandard provision related to the Bank of America / Deutsche Bank mortgage obligation. Section X. of the debtor's proposed modified plan provides that the debtor intends to avoid the lien of Ditech Financial LLC.

OBJECTION TO DEBTOR'S MOTION FOR APPROVAL OF AMENDED CHAPTER 13 PLAN - 2

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 16-10257-TWD    Doc 74    Filed 07/08/19    Ent. 07/08/19 09:02:30    Pg. 2 of 4

4) The debtor's proposed modified plan provides for ongoing monthly mortgage payments to Bank of America / Deutsche Bank, but maintenance of that mortgage obligation is an impossibility under the terms of the debtor's proposed modified plan. Through July 2019, the debtor is approximately $33,291.76 post-petition delinquent on her mortgage obligations. Moreover, to cure and maintain the mortgage at this point, the debtor would need to make a monthly plan payment of approximately $24,500.00. This presumes, of course, that the debtor could even propose to cure and / or maintain the mortgage obligation given Bank of America / Deutsche Bank has relief from the automatic stay.[2]

5) For the reasons above, the debtor's proposed modified plan fails to properly provide for cure and maintenance of her mortgage obligation (again leaving aside whether the debtor could even make such a proposal or whether such a proposal would be made in good faith). 11 U.S.C. §§ 1322(b)(5), 1325(a), 1329(b)(1).

6) The debtor is apparently under the mistaken belief that approval of this proposed modified plan would entitle the debtor to a discharge. The debtor's proposed modified plan provides for maintenance payments to Bank of America / Deutsche Bank, but the debtor's plan is underfunded to even maintain the ongoing mortgage payments. The debtor is already approximately $33,291.76 delinquent on that mortgage obligation post-petition and the debtor's proposed modified plan fails to properly address the $326,927.20 pre-petition mortgage delinquency (ECF Claim No. 3). The debtor would thus not have completed all payments under the plan, as the debtor has not even proposed sufficient plan payments that would cure and maintain the debtor's mortgage obligation. 11 U.S.C. § 1328(a).

7) The debtor's proposed modified plan is not feasible.

---

[2] Once the automatic stay has been lifted, bankruptcy courts lack authority to reinstate the stay. *Canter v. Canter (In re Canter)*, 299 F.3d 1150, 1155 n.1 (9th Cir. 2002). As the Ninth Circuit observed, "[b]ecause the stay under § 362 is 'automatic' and 'self-executing' only upon the filing of a bankruptcy petition, no authority exists for 'reinstating' an automatic stay that has been lifted." *Id.* Other courts have reiterated that the automatic stay, once lifted, cannot be reinstated. *Casner v. Chase Manhattan Mortg. Corp. (In re Casner),* 302 B.R. 695, 700 n.5 (Bankr. E.D. Cal. 2003); *In re Flores*, 293 B.R. 251, 253 (Bankr. E.D. Cal. 2003).

OBJECTION TO DEBTOR'S MOTION FOR
APPROVAL OF AMENDED CHAPTER 13
PLAN - 3

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 16-10257-TWD    Doc 74    Filed 07/08/19    Ent. 07/08/19 09:02:30    Pg. 3 of 4

8) The debtor's proposed form of order (ECF No. 67-4) fails to conform to Local Bankruptcy Form 13-6. Local Bankr. R. 3015-1(i). Moreover, the debtor's proposed form of order provides for approval of the modified plan filed June 27, 2019 (ECF No. 66), but the debtor filed a subsequent modified plan on that same date with a different docket number (ECF No. 70). The modified plans appear to be identical.

9) Section I.C. of the debtor's proposed modified plan provides that the plan avoids a security interest or lien, but that is incorrect. Moreover, even if the debtor intended to avoid a security interest or lien through the plan confirmation process, the debtor did not comply with Local Bankruptcy Rule 3015-1(g) (Request to Avoid a Judicial Lien or Security Interest in a Plan under 11 U.S.C. § 522(f)). The debtor should not have indicated that the plan avoids a security interest or lien.

### III. Conclusion, reservation and request for relief

A post-confirmation modified plan must be proposed in good faith. 11 U.S.C. §§ 1329(b)(1); 1325(a)(3). As part of the good faith analysis, the Court may consider whether the proposed modification correlates to the debtor's change in circumstances. *Mattson v. Howe*, 468 B.R. 361, 371 (B.A.P. 9th Cir. 2012). The debtor has the burden to establish that the modified plan is proposed in good faith. *Id.* at 372. The debtor has not met her burden. The Trustee reserves the right to assert additional bases for his objection.

WHEREFORE, the Chapter 13 Trustee requests that the Court deny the debtor's Motion for Approval of Amended Chapter 13 Plan.

Dated this 8th day of July 2019

          */s/ Jason Wilson-Aguilar*, WSBA #33582
          JASON WILSON-AGUILAR
          Chapter 13 Trustee

OBJECTION TO DEBTOR'S MOTION FOR APPROVAL OF AMENDED CHAPTER 13 PLAN - 4

Chapter 13 Trustee
600 University St. #1300
Seattle, WA 98101
(206) 624-5124 FAX 624-5282

Case 16-10257-TWD    Doc 74    Filed 07/08/19    Ent. 07/08/19 09:02:30    Pg. 4 of 4